CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 22 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

COREY CRADDOCK,
    Petitioner,

v.

CHRLIE ZYCH,
    Respondent.

Civil Action No. 7:10-cv-00543

MEMORANDUM OPINION

By: Hon. James C. Turk
Senior United States District Judge

Petitioner Corey Craddock, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims that his confinement via his federal conviction in the United States District Court for the Eastern District of Tennessee ("District Court") is unconstitutional. After reviewing the petition, the court concludes that petitioner has failed to demonstrate an entitlement to relief under § 2241.

I.

The District Court entered petitioner's criminal judgment in July 2009 following his guilty plea, and petitioner timely appealed. Petitioner's appeal is still pending before the Court of Appeals for the Sixth Circuit. See United States v. Croddick, No. 1:08-cr-00094-1 (E.D. Tenn. July 16, 2009), appeal docketed, No. 09-5822 (6th Cir. July 17, 2009). Petitioner is presently confined within this district.

Petitioner argues in the instant § 2241 petition that the District Court erred in calculating his sentence, the United States breached the plea agreement, and his counsel provided ineffective assistance, in violation of the Sixth Amendment to the United States Constitution. Petitioner requests as relief that his conviction be vacated and he be freed from incarceration.

II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The claims petitioner now raises should be addressed via his current direct appeal or a § 2255 motion to test the legality of his confinement. Moreover, the petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner does not point to any recent change of substantive law, and the court is unaware of any precedent making it legal to move firearms in interstate commerce as a felon or distribute cocaine base. Furthermore, § 2255 relief is still an adequate and effective remedy because he has not yet exhausted direct review of his conviction. Accordingly, petitioner fails to meet the Jones standard to show that § 2255 is inadequate or ineffective to test the legality of his

conviction, his claims cannot be addressed under § 2241, and this petition must be dismissed without prejudice.[1]

### III.

In conclusion, the court dismisses this § 2241 petition without prejudice because petitioner fails to demonstrate that he is entitled to relief, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner.

ENTER: This 22nd day of December, 2010.

Senior United States District Judge

---

[1] Section 2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255. See also Swain, 430 U.S. at 378. Therefore, the court does not have jurisdiction to address petitioner's pleading as a § 2255 motion.